EX PARTE JAMES WILLIAM OXFORD.

No. 26,257. February 18, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) April 8, 1953.

*Murray and McDowell,* by *Clark Murray,* Floresville, for relator.

*R. E. Havens,* County Attorney of Osage County, Oklahoma, for State of Oklahoma, and *George P. Blackburn,* State's Attorney, Austin, for the State of Texas.

MORRISON, Judge.

A prior appeal by relator herein was decided adversely to him by this court in Ex parte Oxford, 156 Tex. Cr. R. 512, 249 S. W. 2d 917.

In order to understand appellant's sole contention of error in this proceeding, it will be necessary to set forth the chronology of events leading up to this appeal.

On November 19, 1951, in response to a demand from the Governor of Oklahoma, the Governor of Texas issued a warrant for the arrest and extradition of appellant.

On December 21, 1951, the judge of the district court of Wilson County heard relator's application for writ of habeas corpus and denied the relief prayed for, from which order relator appealed to this court.

On June 4, 1952, while relator's appeal was pending in this court, the Governor of Texas wrote to the sheriff of Wilson County as follows:

Dear Mr. Ermler: It now appears that there may be grounds justifying a refusal of the request of Oklahoma authorities for the rendition of James William Oxford to them. The warrant issued by me for his rendition is withdrawn, and it is requested that the warrant be now returned to this office."

On June 6, 1952, Mr. Ermler returned the Executive Warrant to the Governor.

On September 27, 1952, the relator was re-arrested by virtue of the original warrant.

On October 2, 1952, the Governor of Texas executed the fol-

lowing proclamation in support of the re-issuance of the original warrant, to-wit:

"Whereas, an Executive Warrant was issued on November 19, 1951, for the arrest and rendition to the State of Oklahoma of James William Oxford, fugitive from said State, and said warrant was delivered to the Sheriff of Wilson County, Texas; and

"Whereas, said warrant was later withdrawn by me from the possession of the Sheriff of said County, recalled to the Executive Department, and was again released and re-issued on September 11, 1952.

"Now, therefore, I do hereby proclaim the reactivation, re-issuance and renewal of said warrant as of the date stated, to-wit: September 11, A. D., 1952."

Appellant again applied for a writ of habeas corpus; the trial court again denied the relief prayed for; the present appeal is from this order.

It is forcefully urged that when the Governor wrote to the sheriff of Wilson County on June 4, 1952, as shown above, that the Executive Warrant as of that moment became functus officio and incapable of being renewed. It is appellant's contention that, even though another warrant could be issued if the Governor deemed proper, still the re-issuance of the warrant on September 11, 1952, and the proclamation of the Governor of October 2, 1952, were without authority and that the relator should therefore be released.

We have been cited several cases dealing with process originating in actions involving property disputes and orders for support and maintenance. We think, however, the legality of the action of the Governor herein must be tested by Section 21 of Article 1008a, Vernon's Ann. C. C. P. (The Uniform Criminal Extradition Act), which reads as follows:

"Governor May Recall Warrant or Issue Alias. Sec. 21. The Governor may recall his warrant of arrest or may issue another warrant whenever he deems proper. Each warrant issued by the Governor shall expire and be of no force and effect when not executed within one year from the date thereof."

To hold that the Governor might not re-issue the same warrant when the statute gives him the authority to issue an alias

warrant effecting the same purpose would, we think, be giving the statute a strained construction inconsistent with the tenor of the Uniform Criminal Extradition Act. We therefore overrule the appellant's contention.

The judgment of the trial court is affirmed.